

**KILGORE LAW**

Robert E. Goodman, Jr.
reg@kilgorelaw.com
214-379-0823 direct
214-379-0840 telecopy

December 5, 2024

<u>By ECF Filing</u>

Hon. Margaret M. Garnett
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 906
New York, New York 10007

     RE:    *Benedict et al. v. Manfred et al.*, Civil Action No. 1:24-cv-04314

Dear Judge Garnett:

    Please excuse my delay in responding to your clerk's September 17, 2024 notice of a consent to join civil action from Max Semler dated August 29, 2024. I had promised to respond to the notice more quickly. The delay is in significant part due to the departure of one of Plaintiffs' former counsel who previously communicated with Mr. Semler.

A.    <u>Mr. Semler Is At Least an Opt-In Plaintiff</u>

    A collective action under the Age Discrimination and Employment Act ("ADEA") adopts by reference the collective action framework of the Fair Labor Standards Act. *See* 29 U.S.C. § 626(b), adopting 29 U.S.C. § 216(b). Under Section 216(b), when a party who is not a named plaintiff seeks to consent to join the matter, he or she may do so simply by filing a consent:

> A party desiring to join the [FLSA or ADEA collective] action merely gives his consent in writing and such consent is filed in the court in which the action is brought. Such party is thus joined in the action as a party plaintiff.

*Burgett v. Cudahy Co.,* 361 F. Supp. 617, 622 (D. Kan. 1973); *accord Cavanaugh v. Minneapolis Aquatennial Ass'n*, Case No. 4-75 Civ. 628, 1976 WL 1699, *5 (D. Minn. May 3, 1976);

    As factually detailed below, Max Semler has properly joined this action as at least an opt-in plaintiff as of the date of his consent.

    First, there is no doubt that if Plaintiffs obtain "conditional certification," there will follow a court-approved process of sending consent forms to the potential members of the collective

December 5, 2024
Page 2

action and allowing the affected individuals to file such consents. *See Dilonez v. Fox Linen Service Inc.*, 35 F.Supp.3d 247 (E.D. N.Y. 2014) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court.").

However, because Section 216(b) sets no time limit or other requirement as to when a consent should be filed, in cases where individuals file consent forms prior to conditional certification, the courts accept such consents if the intent of the individual to consent to be joined is clear. *See, e.g., de la Fuente v. Columbia Recycling Corp.*, 704 F.Supp.3d 1351, 1357 (N.D. Ga. 2023 (FLSA action granting conditional certification and noting that eight potential claimants had already filed consents) and *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616-17 (S.D. Tex. 1979) (granting "certification" of FLSA collective action and simultaneously approving 65 persons who had previously filed consents).

In such cases, non-named plaintiffs who file a consent form are considered "opt-in" plaintiffs in the event of conditional certification. *See Prickett v. DeKalb County*, 349 F.3d 1294, 1296-97 (11th Cir. 2003).

B.    Mr. Semler May Alternatively Be Added as a
      <u>Named Plaintiff in This Multi-Plaintiff ADEA Action</u>

Mr. Semler had filed a charge of discrimination with the assistance of former counsel to Plaintiffs. Then, without talking with such counsel or one of Plaintiffs' current counsel, Mr. Semler filed his consent within the 90-day period permitted by a notice of right to sue issued on that charge. Because this multi-plaintiff ADEA action has not yet been the subject of a motion to certify it as a collective action, another appropriate course of action for Mr. Semler would have been, as happened in the District of Colorado prior to transfer of the action to the Southern District of New York, to simply be added to this action as a named plaintiff. Plaintiffs accordingly submit that, as an alternative approach to addressing Mr. Semler's consent simply as a valid-opt in consent in the event of conditional certification, this Court should allow a motion to amend Plaintiff's Fifth Amended Complaint for that limited purpose. Assuming Plaintiffs' motion to deem waived Defendants' defenses of lack of personal jurisdiction and venue is granted, or such jurisdictional issues are otherwise resolved favorably to Plaintiffs, Plaintiffs will accordingly provide copies of his charge and notice of right to sue, on and on the basis of such documents and the consent, seek leave to add Mr. Semler as a named plaintiff to the Fifth Amended Complaint or file a Sixth Amended Complaint adding him as a named plaintiff. Sometime thereafter, Plaintiffs anticipate moving for conditional certification, and if granted, consents can be obtained from other individuals who wish to join this action solely as a collective action not a multi-plaintiff action. However, as detailed above, Mr. Semler's consent serves, at the very least, to make him the thirty-sixth individual plaintiff in this action as an opt-in plaintiff without regard to whether he is also added into the action as a named plaintiff.

December 5, 2024
Page 3

Thank you for your attention to this letter.

Very truly yours,

Robert E. Goodman, Jr.

cc:    Elise Bloom (ebloom@proskauer.com)
       Neil Abramson (nabramson@proskauer.com)
       Adam Lupion (alupion@proskauer.com)
       Mary Will (mary.will@faegredrinker.com)
       Desmonne Bennett (desmonne.bennett@faegredrinker.com)
       Taylor Brook (taylor.brook@faegredrinker.com)