```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES S. BENEDICT et al.,

                Plaintiffs,

-against-

ROBERT MANFRED et al.,

                Defendants.

24-CV-04314 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

      This case, which involves age discrimination claims by baseball scouts against Major League Baseball and all of its affiliated teams, was originally filed in the District of Colorado. All defendants other than the Colorado Rockies Baseball Club Ltd. ("Colorado Rockies") moved to dismiss on grounds of lack of personal jurisdiction and improper venue. Dkt. No. 39. After a Fourth Amended Complaint was filed, Dkt. No. 60, the non-Colorado Rockies defendants again moved to dismiss for lack of personal jurisdiction and improper venue. Dkt. No. 63. The motion was resolved by the assigned district judge in Colorado exercising his authority under 28 U.S.C. § 1404(a) to grant a discretionary transfer of the case to this District, finding that the factors favored this jurisdiction for both venue and personal jurisdiction reasons, without deciding that either venue or personal jurisdiction would lie in this District. Dkt. No. 71. The Opinion was entered on May 20, 2024. *Id.* On June 6, 2024, the case first appeared on the docket of this Court, as a transferred case. Dkt. No. 72. On June 10, 2024, the Court entered an order setting an initial pretrial conference for July 24, 2024, Dkt. No. 73, and thereafter counsel for the various parties began filing notices of appearance and moving for admission *pro hac vice*.

      The first substantive filing on the docket in this Court was the parties' joint pre-conference letter, required by the Court's Individual Rules, filed on July 17, 2024. Dkt. No. 86.

1

This letter previewed the parties' positions on the present motion by Plaintiffs to deem waived any defenses based on personal jurisdiction or improper venue in this District. *Id.* On July 22, 2024, Plaintiffs moved to default all non-Colorado Rockies defendants, Dkt. No. 88, and the following day filed the present motion, Dkt. No. 89. The Court held a conference on July 24, 2024, denied as moot Plaintiffs' motion for entry of default, directed Defendants to oppose the waiver motion by August 6, and directed Plaintiffs to file an amended complaint alleging jurisdiction and venue in this District by August 20, 2024. Dkt. No. 90. The waiver motion is now fully briefed, and a Fifth Amended Complaint has been filed. Discovery and the time to answer the Fifth Amended Complaint have been stayed since the July 24 conference.

   The motion now before the Court seeks to deem defenses of personal jurisdiction and improper venue waived by all Defendants other than the Colorado Rockies, on the ground that, whether calculated from the date of the Colorado judge's order or from the date this Court docketed the case as transferred, the Defendants did not answer or file a motion re-asserting these defenses within the 14 days provided for by Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 89. There is no dispute that: (i) all Defendants are represented by counsel who have appeared in the action and repeatedly engaged with Plaintiffs' counsel; (ii) Defendants' counsel promptly began filing notices of appearance or motions to appear *pro hac vice* in this Court within days of the docketing of the case in this District; (iii) prior to August 20, 2024, the operative complaint in this case (the Fourth Amended Complaint) contained no allegations regarding venue or personal jurisdiction specific to the Southern District of New York; (iv) by no later than July 9, 2024, counsel had conferred regarding when Plaintiffs intended to file an amended complaint to allege personal jurisdiction and venue in the Southern District of New York; and (v) such conferrals took place in a setting in which all counsel were

aware that a joint status letter was due to the Court by July 17, 2024, and an initial pretrial conference before the Court was calendared for July 24, 2024.  Despite this undisputed set of facts, Plaintiffs nonetheless seek to deem defenses waived that could not have been brought against the operative complaint, or, if they could have been brought in some form, would simply have occasioned another round of motion practice after Plaintiffs filed their Fifth Amended Complaint to properly allege jurisdiction and venue in this District.

## DISCUSSION

Waiver is a species of default and, as Plaintiffs acknowledge, findings of default, in whatever form, are disfavored in the Second Circuit in favor of resolving disputes on the merits. Dkt. No. 89 at 2–3.  The Second Circuit has established three criteria to guide district courts when deciding whether to grant relief from default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the moving party has shown that a defense may be meritorious.  *See, e.g.*, *Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994); Dkt. No. 89 at 3.  Under the undisputed facts and circumstances here, a finding that Defendants had waived defenses of personal jurisdiction and venue would be unjust.

First, both parties acknowledge that there is no caselaw directly addressing what a discretionary transfer of venue means for the otherwise-applicable time limitations in Rule 12, although they disagree about what conclusion should be drawn from that null set.  However, given the unquestioned active participation by Defendants' counsel in the action after the transfer here (including in seeking to confer with Plaintiffs' counsel regarding an appropriate schedule to propose to the Court to conform this action to its new venue), the Court cannot conclude that Defendants "willfully" defaulted on an applicable deadline.  Second, the only possible prejudice

3

arising from Defendants' actions is the delay in this case occasioned by the need for the Court to resolve this borderline-frivolous motion.  Third, while the Court expresses no view as to the likelihood of success on any claim regarding personal jurisdiction or venue that may be raised by Defendants, the defenses certainly have potential merit.  All factors tilt in favor of finding that Defendants have not waived defenses otherwise available to them under Rules 12(b)(2) and (3), and accordingly the Plaintiffs' motion is denied.

Finally, the filing of this motion and the conduct of counsel in connection with it illustrates a pointless elevation of form over substance, as well as a level of professional pettiness that is unbecoming of lawyers practicing in this District.  There is no reason whatsoever why the uncertainty, if any, surrounding the schedule of the case following transfer could not have been resolved amicably through an ordinary meet-and-confer by counsel, or by filing a simple letter seeking the Court's guidance or assistance in resolving any dispute—either of which would have saved everyone considerable time and resources.  The Court sincerely hopes that this episode does not foreshadow the conduct of the case going forward.

## CONCLUSION

For the reasons explained above, Plaintiffs' motion is **DENIED.**  Defendants are hereby ORDERED to answer or move against the Fifth Amended Complaint by no later than **February 28, 2025**.  Counsel for all parties are directed to meet and confer and submit a joint letter with a proposed schedule for briefing on any motions to dismiss and for conducting discovery in this action by no later than **March 7, 2025**.

The Clerk of Court is respectfully directed to terminate Dkt. No. 89.

Dated: January 29, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge