# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 24-CV-04314: (MMG)

JAMES S. BENEDICT, CHRISTOPHER BOURJOS, RICHARD T. INGALLS, RANDALL G. JOHNSON, STEVEN E. JONGEWAARD, WILLIAM C. LATHAM, THEODORE LEKAS JR., TIMOTHY A. MCINTOSH, STEVEN POPE, RICK L. RAGAZZO, PAUL W. RUNGE, JEFFREY N. SCHOLZEN, DENNIS M. SHEEHAN, CHRISTOPHER J. SMITH, SCOTT TRCKA, GREGORY G. WHITWORTH, ROBERT D. WILFONG, PIERRE ARSENAULT, GORDON BLAKELEY, WILLIAM P. BLISS, MICHAEL BROWN, ROBERT CUMMINGS, JAMES. M. DEDRICK, LANE DECKER, RICHARD EGAN, ROBERT ENGLE, ROBERT M. MINOR, WILLIAM R. MOORE, GREGORY R. MORHARDT, GARY PELLANT, ROSS SAPP, DUANE SHAFFER, TERRY TRIPP, EARL WINN, II, JOHN LEON WURTH, and individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

ROBERT MANFRED, COMMISSIONER OF BASEBALL; THE OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association also d/b/a MAJOR LEAGUE BASEBALL, AZPB LIMITED PARTNERSHIP; ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC; BALTIMORE ORIOLES LIMITED PARTNERSHIP; BOSTON RED SOX BASEBALL CLUB L.P.; CHICAGO CUBS BASEBALL CLUB, LLC ; CHICAGO WHITE SOX, LTD.; THE CINCINNATI REDS, LLC; CLEVELAND GUARDIANS BASEBALL COMPANY, LLC; COLORADO ROCKIES BASEBALL CLUB, LTD.; DETROIT TIGERS, INC.; HOUSTON ASTROS, LLC; KANSAS CITY ROYALS BASEBALL CLUB LLC; ANGELS BASEBALL LP; LOS ANGELES DODGERS LLC; MARLINS TEAMCO LLC; MILWAUKEE BREWERS BASEBALL CLUB, L.P.; MINNESOTA TWINS, LLC; STERLING METS, L.P.; NEW YORK YANKEES PARTNERSHIP; ATHLETICS INVESTMENT GROUP LLC D/B/A OAKLAND ATHLETICS BASEBALL COMPANY; THE PHILLIES; PITTSBURGH ASSOCIATES; PADRES L.P.; SAN FRANCISCO BASEBALL ASSOCIATES LLC; THE BASEBALL CLUB OF SEATTLE, LLLP; ST. LOUIS CARDINALS, LLC; TAMPA BAY RAYS BASEBALL LTD.; RANGERS BASEBALL, LLC; ROGERS BLUE JAYS BASEBALL PARTNERSHIP; and WASHINGTON NATIONALS BASEBALL CLUB, LLC,

Defendants.

**PLAINTIFFS <u>UNOPPOSED</u> MOTION TO EXTEND BY TWO DAYS TIME FOR PLAINTIFFS TO FILE MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND COMPLAINT AND TO FILE AMENDED COMPLAINT**

---

Plaintiffs James S. Benedict, et al., without opposition by Defendants, move the Court to extend for two days beyond the time otherwise do,, until April 28, 2026, the time for them to file a motion for reconsideration and motion for leave to amend and amended complaint with respect to the Court's recent order to dismiss without prejudice, and would show as follows:

## A.    PROCEDURAL AND FACTUAL BACKGROUND

1. Plaintiffs are James S. Benedict et. al.; the first Defendant is Robert Manfred, Commissioner of Baseball (the "Office of the Commissioner of Baseball"), who oversees an organization referred to generally as Major League Baseball, consisting of 30 major league baseball teams ("Teams"), including the New York Yankees and the New York Mets.

2. The office of the Commissioner of Baseball is an unincorporated association, et al. of which its members are all of the teams.

3. Plaintiffs sued the office of the Commissioner of Baseball and the Teams on refusal to hire claims under the Age Discrimination in Employment Act (ADEA) and various state law claims prohibiting refusal to hire on the basis of age discrimination, including by blacklisting.

4. On March 26, 2026, the Court entered an opinion and order Granting Defendants' Motion to Dismiss Plaintiffs' last filed complaint, ("Opinion and Order") which, however, did so without prejudice to the Plaintiffs filing a motion for leave to amend if that motion were to "clearly" demonstrate why the proposed amendment would not be futile to avoid dismissal on the grounds stated in the opinion and order.

5. Plaintiffs believe they can make an amendment which will not be futile to avoid dismissal on the grounds stated in the opinion and order  and request leave of Court for two additional days beyond that date which they would otherwise have to do so. Plaintiffs further request an additional two days beyond

that date which would otherwise have to do so to file a motion to have this Court reconsider certain of the grounds stated in the Opinion and Order independent of their motion for leave to amend and proposed amendment of their complaint.

6. This request is made necessary due to a series of events which afford a compelling basis for the extensions requested for a motion for leave to amend an amended complaint and motion for reconsideration so as to constitute good cause exists for the short requested two-day extension.

7. In the last 30 days, the senior member of the firm to which Plaintiffs' counsel belong has received a terminal diagnosis, and his wife has passed away. These events have required substantial attention by the firm, especially over the last 10 days.

8. As Plaintiffs' counsel Goodman, he has been involved in multiple previously scheduled mediations over the last 30 days,, including one in Washington D.C. on April 22, 2026. As to Plaintiffs' counsel Roberson, he was  involved in a trial in the Southern District of Texas during the week of April 13, 2026, which took both trial and pretrial time away from attention to this action. Additionally, counsel Roberson was also required to file an appeals brief and numerous responses to dispositive motions during this timeframe.

**B.    MOTION**

10. A court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(B)(1)(a); *Rachel v. Troutt*, 820 F. 3d 390, 394-95 (10th Cir. 2016); *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253, 1258-59 (9th Cir, 2010).

11. Good cause includes "the development of matters which could not have been foreseen" *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Accordingly, death and

illness and their immediate consequences have been found to be good cause to alter schedule. See, e.g., *Folds v. Nano Gas Technologies, Inc.*, Case No. 1:18-CV-033-C, 2020 WL 11027972, at *1 (N.D. Tex. Mar. 12, 2020)(family illness of counsel); *LeMaster v. City of Winnemucca*, 113 F.R.D. 37, 39 (D. Nev. 1986) (service of process 17 days late under Rule 4 excused by Counsel's illness in the form of temporary absences for chemotherapy and post-chemotherapy syndrome "where such delay was not strategic[,] and where there [was] no indication of any injury to defendants...."); *Louisiana Landscape Specialty, Inc. v. Hanover Ins. Co.*, Case No. 07-4772, 2008 WL 11354936, at *1 (E.D. La. May 30, 2008) (illness and surgery coupled with short delay caused thereby was sufficient to state good cause).

12.     Federal courts have also found good cause to modify scheduling orders where counsel is engaged in another matter. *See, e.g. Tierney v. Carrington Mortg. Servs., LLC,* Case No. C20-1245RSM, 2021 WL 4267821, *1 (W.D. Wash. Sept. 7, 2021) (continuing trial when trial counsel called to a different trial because "[u]navailability of trial counsel typically constitutes good cause for continuance of trial"), *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 and n.7 (9th Cir. 2010) (recognizing that scheduling conflicts of counsel can justify extensions under Rule 16 when counsel's important civic engagement was on the same date when summary judgment was otherwise due).

13.     Under the Opinion and Order, entered on March 27, 2026, Plaintiffs otherwise would have 30-days, until Monday, March 28, 2026,  to file a motion for reconsideration, motion for leave to amend and proposed amendment to Plaintiffs' complaint.

14.     Plaintiff requests a short two-day extension of time to file a motion for leave to file an amended pleading because other events, as described above, have impacted counsel's ability to complete an adequate motion for reconsideration and motion for leave to amend and proposed amended complaint.. Plaintiff specifically the Court to extend the 30-day deadline created by the prior order [Dkt. No. 106] from Saturday April 25, 2026, which by rule is Monday April 27, 2026, by two days to Wednesday April 29, 2026. This two-day extension will allow Plaintiffs the time needed to complete a brief worthy of the difficult issues before the Court.

15.     Plaintiffs' request to extend time is for good cause and is not intended to delay these proceedings. Fe. R. Civ. P. 6(b)(1)(A).

16.     Defendants will not be prejudiced by the extension of time because the Defendants are unopposed and their time to reply will be automatically extended under Local Rule 6.1 which has its timing based on the date of service of the filing (and not the date of the Court's prior Order).

WHEREFORE, for good cause shown, Plaintiffs respectfully request the court extend the time for Plaintiffs to file motion for reconsider, motion for leave to amend and proposed amended complaint, as allowed by the Court as explained on pages 19-20 of the Court's March 26, 2026 Opinion and Order.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
Texas State Bar No. 08158100
reg@kilgorelaw.com
Mitchell C. Abeita
Texas State Bar No. 24103694
mca@kilgorelaw.com
Eric N. Roberson
enr@kilgorelaw.com
Texas State Bar No. 00792803

Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 979-9699
(214) 379-0840

**COUNSEL FOR PLAINTIFFS**


## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred with counsel to Defendants on the 21st day of April 23, by providing such counsel with the requested relief and the factual basis for. After having done so, counsel was notified by counsel that this motion is unopposed.

/s/ Robert E. Goodman, Jr.


## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record will be served a copy of this Motion by the Court's ECF/Pacer filing service simultaneously with the filing of same.

/s/ Robert E. Goodman, Jr.

GRANTED. Plaintiffs' deadline to file their motion for reconsideration and leave to amend their Complaint is hereby EXTENDED to **April 29, 2026.**

SO ORDERED. Dated April 24, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

PLAINTIFFS UNOPPOSED MOTION TO EXTEND BY TWO DAYS TIME FOR PLAINTIFFS TO FILE MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO AMEND COMPLAINT AND TO FILE AMENDED COMPLAINT – Page 6