UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES S. BENEDICT et al.,

                        Plaintiffs,                    24-CV-04314 (MMG)

            -against-

ROBERT MANFRED, COMMISSIONER OF
BASEBALL et al.,

                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SIXTH AMENDED COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.............................................................................................1

ARGUMENT.....................................................................................................................2

    I.      LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED
          SIXTH AMENDED COMPLAINT IS FUTILE .....................................................2

    II.     THE PROPOSED SIXTH AMENDED COMPLAINT IS FUTILE
          BECAUSE IT DOES NOT ESTABLISH PERSONAL JURISDICTION
          OVER THE NON-RESIDENT DEFENDANTS ....................................................4

          A.     The Proposed Sixth Amended Complaint's Joint Employer
                 Allegations Do Not Confer Personal Jurisdiction Over The Non-
                 Resident Defendants. ...............................................................................5

          B.     The Proposed Sixth Amended Complaint Does Not Establish Personal
                 Jurisdiction Over the Non-Resident Defendants Based On A
                 Conspiracy Theory. ...............................................................................12

          C.     The Proposed Sixth Amended Complaint Does Not Establish Personal
                 Jurisdiction Over The Non-Resident Defendants Under New York's
                 Long Arm Statute. ..................................................................................14

    III.    THE PROPOSED SIXTH AMENDED COMPLAINT IS FUTILE
          BECAUSE IT DOES NOT STATE A CLAIM UNDER THE ADEA
          AGAINST THE NEW YORK-BASED DEFENDANTS .....................................15

          A.     The Proposed Sixth Amended Complaint Fails to State an Age
                 Discrimination Claim Against the New York Yankees and the New
                 York Mets.................................................................................................16

          B.     The Proposed Sixth Amended Complaint Fails to State an Age
                 Discrimination Claim Against the MLB Defendants................................19

    IV.    DEFENDANTS WOULD BE PREJUDICED IF THE COURT ALLOWS
         PLAINTIFFS TO AMEND THEIR COMPLAINT A SIXTH TIME....................20

CONCLUSION................................................................................................................21

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. N.Y. State Educ. Dep't*,
   752 F. Supp. 2d 420 (S.D.N.Y. 2010).......................................................................18

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
   626 F.3d 699 (2d Cir. 2010)......................................................................................4

*Apolinar v. R.J. 49 Rest., LLC*,
   No. 15-cv-8655 (KBF), 2016 WL 2903278 (S.D.N.Y. May 18, 2016)....................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................17, 18

*Bellikoff v. Eaton Vance Corp.*,
   481 F.3d 110 (2d Cir. 2007)......................................................................................3

*Bueno v. Eurostars Hotel Co., S.L.*,
   No. 21-CV-535 (JGK) 2022 WL 95026 (S.D.N.Y. Jan. 10, 2022) ...........................5

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018).......................................................................................12

*Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*,
   338 F. Supp. 3d 242 (S.D.N.Y. 2018).......................................................................2

*Chone v. Healthtronics, Inc.*,
   No. 06-CV-1287 (SJF), 2007 WL 1836831 (E.D.N.Y. June 20, 2007) ....................8

*Convergen Energy LLC v. Brooks*,
   No. 20-CV-3746 (LJL), 2020 WL 5549039 (S.D.N.Y. Sept. 16, 2020) .................11

*Denny v. Barber*,
   576 F.2d 465 (2d Cir. 1978)......................................................................................3

*Doe v. Del. State Police*,
   939 F. Supp. 2d 313 (S.D.N.Y. 2013)........................................................................2

*El Omari v. Dechert LLP*,
   No. 24-1970-CV, 2025 WL 1618359 (2d Cir. June 9, 2025) .....................................7

*Fabius v. Gardere*,
   No. 18-CV-6358 (WFK)(LB), 2021 WL 6797293 (E.D.N.Y. Sept. 22, 2021) .........8

*Felder v. USTA*,
    27 F.4th 834 (2d Cir. 2022) ...................................................................................................10

*Guo Jin v. EBI, Inc.*,
    No. 05CV4201(NGG)(SMG), 2008 WL 896192 (E.D.N.Y. Mar. 31, 2008).....................8, 11

*Hayden v. Cnty. of Nassau*,
    180 F.3d 42 (2d Cir. 1999)....................................................................................................3

*Hayden v. Feldman*,
    159 F.R.D. 452 (S.D.N.Y. 1995) .........................................................................................20

*Hugee v. SJC Grp., Inc.*,
    No. 13-cv-423, 2013 WL 43399226 (S.D.N.Y. Aug. 14, 2013)...........................................10

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
    No. 11 MDL 2262 NRB, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015)..................................13

*Jazini by Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998)................................................................................................11

*Jingle Kids USA, LLC v. In Colour Cap., Inc.*,
    No. 22 CIV. 7089 (JHR) (SLC), 2023 WL 5016496 (S.D.N.Y. June 6, 2023).........................2

*Lans v. Kiska Constr. Corp.*,
    No. 96 Civ. 4114 (KMW)(AJP), 1997 WL 313162 (S.D.N.Y. Apr. 18, 1997)......................11

*Lively v. Wayfarer Studios LLC*,
    No. 24-CV-10049, 2025 WL 1952027 (S.D.N.Y. July 16 2025)...........................................12

*Lucente v. Int'l Bus. Machs. Corp.*,
    310 F.3d 243 (2d Cir. 2002)..............................................................................................2, 4

*Marcus v. Leviton Mfg. Co., Inc.*,
    661 F. App'x 29 (2d Cir. 2016) ...........................................................................................18

*Maysonet v. Citi Grp., Inc.*,
    No. 10–CV–4616, 2011 WL 476610 (S.D.N.Y. Feb. 9, 2011) ..............................................17

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007)..................................................................................................4

*McConkey v. Churchill Sch. & Ctr.*,
    No. 24-CV-06091 (LJL), 2025 WL 2062195 (S.D.N.Y. July 23, 2025).................................16

*McPhatter v. City of N. Y.*,
    No. 24-cv-5933 (KAM)(MMH), 2026 WL 829060 (E.D.N.Y. Mar. 16, 2026).....................19

*MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*,
   66 F.4th 77 (2d Cir. 2023) ...............................................................................2, 3

*Murdaugh v. City of N.Y.*,
   No. 10 Civ. 7218(HB), 2011 WL 1991450 (S.D.N.Y. May 19, 2011)....................................3

*Murray v. Nazareth Reg'l High Sch.*,
   579 F. Supp. 3d 383 (E.D.N.Y. 2021) ............................................................19, 20

*Nance v. City of N. Y.*,
   No. 09–CV–2786, 2011 WL 2837491 (E.D.N.Y. July 14, 2011) ..........................................17

*Ndremizara v. Swiss Re Am. Holding Corp.*,
   93 F. Supp. 3d 301 (S.D.N.Y. 2015)...................................................................17

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003).............................................................................3

*Paige v. Digital Bus. Networks All., Inc.*,
   No. 24-CV-3169 (KMK), 2025 WL 753952 (S.D.N.Y. Mar. 10, 2025) .................................8

*Payne v. Malemathew*,
   No. 09-CV-1634, 2011 WL 3043920 (S.D.N.Y. July 22, 2011) ...........................................17

*Rivers v. Int'l House of Pancakes*,
   No. 20-CV-2471 (JPO), 2021 WL 860590 (S.D.N.Y. Mar. 8, 2021).....................................10

*Rosenfeld v. Lenich*,
   370 F. Supp. 3d 335 (E.D.N.Y. 2019) ...........................................................16, 19

*Ruotolo v. City of N. Y.*,
   514 F.3d 184 (2d Cir. 2008)..............................................................................4

*Scott v. Nat'l Ass'n for Stock Car Racing, Inc.*,
   No. 06 Civ. 6029 (DAB), 2008 WL 217049 (S.D.N.Y. Jan. 17, 2008).................................13

*Selvam v. Experian Info. Sols., Inc.*,
   No. 13 Civ. 6078 (DLI) (JO), 2015 WL 1034891 (E.D.N.Y. Mar. 10, 2015).......................2, 3

*Simpson-Quin v. Montejano*,
   No. 23-cv-08113 (MMG), 2025 WL 81226 (S.D.N.Y. Jan. 13, 2025) (Garnett, J.).................................................................................................3, 4

*Singer v. Bell*,
   585 F. Supp. 300 (S.D.N.Y. 1984).....................................................................13

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015)...............................................................................................16

*Williams v. Calderoni*,
    No. 11-Civ-3020 (CM), 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012).......................................18

*Zucker v. Five Towns Coll.*,
    No. 09–CV–4884, 2010 WL 3310698 (E.D.N.Y. Aug. 18, 2010) ..........................................18

STATUTES

Age Discrimination in Employment Act. .............................................................................. passim

OTHER AUTHORITIES

CPLR 302(a)(1) ..................................................................................................................12

Rule 12(b) .....................................................................................................................20, 21

Fed. R. Civ. P. 12(b)(2).........................................................................................2, 8, 11, 15

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2

Fed. R. Civ. P. 15 ...................................................................................................................2

## **PRELIMINARY STATEMENT**

The Court should deny Plaintiffs' request for leave to amend their Complaint a *sixth* time because their proposed Sixth Amended Complaint does not cure the numerous defects in the Fifth Amended Complaint that the Court identified in its March 26, 2026 Opinion and Order ("Order") granting Defendants' Fed. R. Civ. P. ("Rule") 12(b) Motion to Dismiss. In its Order, the Court explained that Plaintiffs failed to establish personal jurisdiction over the 28 Major League Baseball Clubs that do not reside in New York (the "Non-Resident Defendants"). (Order at 8-17.) The Court also determined that Plaintiffs failed to state a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), against the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") and Commissioner Manfred (together with MLB, the "MLB Defendants"), the New York Mets and the New York Yankees (the "New York-based Defendants"). (*Id.* at 17-19.)

Observing that "Plaintiffs have already amended their Complaint five times," the Court afforded Plaintiffs the opportunity to make this Motion for Leave to File Sixth Amended Complaint ("Motion"). (*Id.* at 19.) However, Plaintiffs must "demonstrate clearly why the proposed [Sixth Amended Complaint] would not be futile" and why Defendants would not be prejudiced were the Court to grant leave to amend. (*Id.* at 19) (emphasis in original). Plaintiffs have not done so.

Indeed, Plaintiffs' proposed Sixth Amended Complaint does not remedy any of the myriad deficiencies the Court identified in its Order. Notwithstanding that roadmap, the proposed amendments to Plaintiffs' Fifth Amended Complaint are nothing more than the recycling of allegations this Court found legally insufficient to survive dismissal and conclusory statements made only "upon information and belief"—wholly unsupported by any plausible facts—that fall

1

woefully short of establishing personal jurisdiction over the Non-Resident Defendants or plausibly pleading an age discrimination claim. Thus, Plaintiffs' Motion should be denied and the case dismissed with prejudice.

## ARGUMENT

**I.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED SIXTH AMENDED COMPLAINT IS FUTILE**

As Plaintiffs concede, leave to amend under Fed. R. Civ. P. 15 ("Rule 15") is "by no means automatic." (Mot. at 4.) While a court may give leave under Rule 15 "when justice so requires," that is not the case here. Courts have discretion to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77 (2d Cir. 2023). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "An amendment is also futile if the proposed claims could not withstand dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction." *Jingle Kids USA, LLC v. In Colour Cap., Inc.*, No. 22 CIV. 7089 (JHR) (SLC), 2023 WL 5016496, at *4 (S.D.N.Y. June 6, 2023), *report and recommendation adopted*, No. 22-CIV-7089-JHR-SLC, 2023 WL 6389080 (S.D.N.Y. Oct. 2, 2023); *see also Doe v. Del. State Police*, 939 F. Supp. 2d 313, 336 (S.D.N.Y. 2013) (denying leave to amend as futile where the proposed amendment "would not cure the Court's lack of personal jurisdiction over" the defendant).

"Where it appears that granting leave to amend [would be futile or] is unlikely to be productive[,]... it is not an abuse of discretion to deny leave to amend." *Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 255 (S.D.N.Y. 2018) (citing *Lucente*, 310 F.3d at 258; *Selvam v. Experian Info. Sols., Inc.*, No. 13 Civ. 6078

(DLI) (JO), 2015 WL 1034891, at *4 (E.D.N.Y. Mar. 10, 2015) (denying leave to amend after granting motion to dismiss because "[t]he [amended] complaint gives no indication that Plaintiff has a colorable claim ... and Plaintiff has already had one opportunity to amend the complaint"); *Murdaugh v. City of N.Y.*, No. 10 Civ. 7218(HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although ... leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile.")).

Plaintiffs have already had six opportunities to plead viable claims and have had the benefit of two different district court opinions pointing out their pleading defects. In these circumstances, leave to amend should be denied. "Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycle versions of claims which had already fallen victim to a motion to dismiss." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007) (citing *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.")) (upholding denial of plaintiffs' motion for leave to file a third amended complaint); *see also Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (denying leave to amend a second time where the court "in dismissing the initial complaint, had put plaintiff's counsel on the plainest notice what was required"); *MSP Recovery Claims, Series LLC*, 66 F.4th at 77, 90 (upholding denial of leave to amend a second time where district court cited "repeated failure to cure" as reason for denial); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (finding that the district court did not abuse its discretion in denying plaintiff leave to amend the complaint because there was a "repeated failure to cure deficiencies by amendments previously allowed."); *Simpson-Quin v. Montejano*, No. 23-cv-08113 (MMG),

3

2025 WL 81226, at *7 (S.D.N.Y. Jan. 13, 2025) (Garnett, J.) (denying leave to amend because plaintiff "had multiple opportunities to amend his complaint to properly plead these claims and has been unable to come close to adequate pleading as to any alleged [defamatory] statements made by Defendant").

As explained in Section II, *infra*, Plaintiffs have failed to "demonstrate <u>clearly</u>" why the proposed Sixth Amended Complaint would not be futile.[1] (Order at 19) (emphasis in original). Indeed, the proposed amendments are completely devoid of any plausible facts to support personal jurisdiction over the Non-Resident Defendants or to state a cognizable age discrimination claim. Instead, Plaintiffs attempt to cure the defects in the Fifth Amended Complaint by simply repackaging the very same legally insufficient allegations that prompted the Court to grant Defendants' Motion to Dismiss and adding new allegations based solely "upon information and belief" rather than requisite plausible facts. Thus, this Court should deny Plaintiffs leave to amend their complaint for a sixth time.

## II.    THE PROPOSED SIXTH AMENDED COMPLAINT IS FUTILE BECAUSE IT DOES NOT ESTABLISH PERSONAL JURISDICTION OVER THE NON-RESIDENT DEFENDANTS

The Court's Order delineated specific reasons why Plaintiffs' joint employer, conspiracy and collective action allegations in the Fifth Amended Complaint failed to establish personal jurisdiction over the Non-Resident Defendants. It also outlined the reasons that Plaintiffs were

---

[1] Notably, in none of the cases cited by Plaintiffs did the court grant a request for leave to amend a complaint for a *sixth* time. (Dkt. 109 at 4-6.) In fact, courts in four of Plaintiffs' cases either upheld the district court's denial of the plaintiffs' request for leave to amend or found that the district court had abused its discretion in granting leave to amend. *See Lucente*, 310 F.3d at 260 (holding that the district court abused its discretion by granting leave because plaintiff's "attempt to amend his complaint was futile"); *Ruotolo v. City of N. Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to file a third amended complaint); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (affirming district court's denial of leave to amend complaint a second time); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 727 (2d Cir. 2010) (affirming district court's denial of plaintiffs' motion for leave to file amended complaint).

unable to establish personal jurisdiction under New York's long-arm statute over the Non-Resident Defendants. Even with the benefit of the roadmap contained in the Court's Order, Plaintiffs' proposed Sixth Amended Complaint fails to correct these fundamental defects and therefore the proposed amendments would be futile.[2]

    **A.    The Proposed Sixth Amended Complaint's Joint Employer Allegations Do Not Confer Personal Jurisdiction Over The Non-Resident Defendants.**

As a threshold matter, simply alleging a joint-employment relationship does not establish specific jurisdiction, which requires a substantial nexus between the plaintiff's claims and each out-of-state defendant's conduct in New York. (*See* Dkt. 101 at 28-29; Dkt. 105 at 12-13.) In any case, Plaintiffs' Fifth Amended Complaint did not establish jurisdiction pursuant to a joint employer theory because Plaintiffs did not sufficiently allege that the MLB Defendants domiciled in New York served as their joint employer with any particular Non-Resident Defendant that might have hired them. (Order at 8.) The Court found Plaintiffs' joint employer allegations were insufficient for two reasons:

*First*, Plaintiffs' joint employer allegations were "insufficient to establish the 'immediate control' over an employee that a joint employment relationship requires." (*Id.* at 9) (citing *Bueno v. Eurostars Hotel Co., S.L.*, No. 21-CV-535 (JGK) 2022 WL 95026, at \*6 (S.D.N.Y. Jan. 10, 2022). In particular, the Court noted that Plaintiffs failed to allege that the MLB Defendants purported overall control of labor relations "extend[ed] to employer decisions concerning any individual Plaintiff." (*Id.*) Plaintiffs' allegations that "MLB and the Commissioner exercise control, league-wide, through mandating the use of standardized universal employment contracts, requiring mandatory arbitration, and taking various measures to limit the number of

---

[2] Plaintiffs make no attempt in the proposed Sixth Amended Complaint to replead their collective action allegations, which this Court determined were insufficient, to try to establish personal jurisdiction. (Order at 12-13.) Plaintiffs' Motion also abandons this jurisdictional theory.

scouts over 40 employed by Clubs" fell short of meeting the "immediate control" requirement. (*Id.*)

*Second*, the Court concluded that Plaintiffs did not allege any of the other factors relevant to assessing a joint employer relationship, *i.e.*, Plaintiffs made no allegations that "had they been hired, the MLB Defendants would have paid their salary or controlled their daily tasks." (*Id.* at 9-10.) The Court further observed that Plaintiffs' allegations that the MLB Defendants were ultimately responsible for failure-to-hire decisions because of a purported "blacklist" and other policies were "too speculative, and too unconnected to any individual failure-to-hire situation alleged, to support personal jurisdiction on a joint employer theory." (*Id.* at 10 n. 6.)

Plaintiffs' proposed Sixth Amended Complaint does not cure these fatal defects.

Contrary to Plaintiffs' bald claim, the allegations of paragraphs 69 and 79 through 85 of the Sixth Amended Complaint do not establish "immediate control" by the MLB Defendants over any Club hiring decisions concerning any individual Plaintiff. (Mot. at 11.) Paragraphs 79 through 85 do not correct the deficiencies identified in the Order, as they are *identical* to the Fifth Amended Complaint's paragraphs 79 through 85, which the Court has already deemed inadequate. That leaves paragraphs 69(a)(ii) and (b) of the proposed Sixth Amended Complaint. Although they have been revised, Plaintiffs have simply added conclusory allegations devoid of any factual detail and legally insufficient, speculative allegations made only "upon information and belief," which cannot survive a motion to dismiss.

In response to the Court's observation that "nowhere do Plaintiffs allege that the control extends to employer decisions concerning any individual Plaintiff," (Order at 9), the proposed Sixth Amended Complaint attempts to cure that defect by adding wholly conclusory allegations that each Plaintiff was on MLB's so-called "blacklist." (*See* Dkt. 109-1 ¶¶ 39-68.) ("***Upon***

6

*information and belief*, a reason that this Club denied employment to the Plaintiffs listed in paragraph 111 is because the MLB Defendants exercised its Constitutional Authority over this Club and ordered it not to hire any on the persons contained on an age-related blacklist, and all of the Plaintiffs listed in Paragraph 111 related to this Club are on an age-related blacklist.") (emphasis added). Paragraph 111, in turn, alleges: "*Upon information and belief*, a specific reason why Plaintiffs were not hired is because (a) each is on the blacklist, which the MLB Defendants have created and maintain in their Manhattan, New York office; (b) the MLB Defendants exercise control over the Club Defendants in labor relations in general and hiring and firing of scouts in particular . . ." (emphasis added). The problem for Plaintiffs is that these "new" allegations are made solely "upon information and belief"; the proposed Sixth Amended Complaint continues to be plagued by the absence of any plausible facts to support this "speculative" theory. (Order at 10, n.6.)

Although Plaintiffs claim in their Motion that the Sixth Amended Complaint has "the benefit of new information Plaintiffs continue to receive about the blacklist" (Mot. at 7)— perhaps foreshadowing even further amendments years after this case was initially filed— Plaintiffs' amended allegations are devoid of any plausible facts or so-called "new information" to explain how Plaintiffs know, for example, that the blacklist even exists, that each of their names appears on it, or that any individual Plaintiff was not hired because of their purported presence on the list. The absence of any plausible facts to supplement their specious allegations made only "upon information and belief" dooms the Sixth Amended Complaint.

Indeed, courts have repeatedly held that allegations made "upon information and belief" are insufficient to establish personal jurisdiction. *El Omari v. Dechert LLP*, No. 24-1970-CV, 2025 WL 1618359, at *3 (2d Cir. June 9, 2025) (summary order) (citation modified) ("This

Court has rejected as speculative jurisdictional allegations predicated merely on the proponent's belief. Consistent with that principle, district courts in this Circuit routinely decline to find personal jurisdiction based on allegations made only 'on information and belief.'") (affirming dismissal on Rule 12(b)(2) motion for lack of personal jurisdiction).

"Conclusory allegations showing the presence of jurisdiction, particularly those stated only upon information and belief, are insufficient to establish that the court has personal jurisdiction over a defendant." *Guo Jin v. EBI, Inc.*, No. 05CV4201(NGG)(SMG), 2008 WL 896192, *2 (E.D.N.Y. Mar. 31, 2008) (internal citations omitted) (citing *Chone v. Healthtronics, Inc.*, No. 06-CV-1287 (SJF), 2007 WL 1836831, at *5 (E.D.N.Y. June 20, 2007) (granting Rule 12(b)(2) motion to dismiss of plaintiff's amended complaint for lack of personal jurisdiction because plaintiff had "simply phrased legal conclusions as statements of fact" and relied upon allegations made "upon information and belief"); *Fabius v. Gardere*, No. 18-CV-6358 (WFK)(LB), 2021 WL 6797293, at *1 (E.D.N.Y. Sept. 22, 2021) (same); *Paige v. Digital Bus. Networks All., Inc.*, No. 24-CV-3169 (KMK), 2025 WL 753952, at *7 (S.D.N.Y. Mar. 10, 2025) ("Although allegations based 'upon information and belief' are not necessarily facially deficient, 'the words, however, are not magic; a plaintiff cannot 'plop "upon information and belief" in front of a conclusory allegation and thereby render it non-conclusory.'") (granting Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction).

The proposed Sixth Amended Complaint does not contain a single factual allegation detailing how the MLB Defendants' so-called "control" extended to a Club's decision not to hire any particular Plaintiff. Instead, Plaintiffs simply repackage their prior allegations regarding MLB Constitution Rules 3(b) and 3(k) (which Plaintiffs' have recharacterized as the MLB Defendants "exercising Constitutional Authority" without otherwise meaningfully revising the

8

substance of these allegations) allegedly:  requiring all Clubs to require all scouts to sign a Uniform Employee Contract ("UEC") (Dkt. 109-1 ¶ 69(a)(ii)(1)(b)); mandating that Clubs send the UECs for hired scouts to the MLB Defendants (*id.* ¶ 69(a)(ii)(1)(e)); prohibiting communications by Clubs with scouts employed by other Clubs or laid off or terminated by a Club mid-season (*id.* ¶ 69(a)(ii)(1)(c)); and the like.[3] These are the same types of allegations on which Plaintiffs relied in prior versions of their Complaint and that were discussed in the Order. (Order at 9.) ("Plaintiffs argue that MLB and the Commissioner exercise control, league-wide, through mandating the use of standardized universal employment contracts, requiring mandatory arbitration, and taking various measures to limit the number of scouts over 40 employed by Clubs. These allegations are insufficient to establish the "immediate control" over an employee that a joint employment relationship requires.") Even if these "upon information and belief" statements and conclusory allegations of a joint employer relationship could be taken as true, they continue to reflect "control, league-wide" by the MLB Defendants, which this Court has already deemed "insufficient to establish 'immediate control' over any employee as required to plead a joint employer relationship." (Order at 9.) The proposed Sixth Amended Complaint contains no specific factual allegations as to any of the Plaintiffs or how the MLB Defendants purportedly exercised immediate control over a Club's decision not to hire any individual Plaintiff.

The Court further observed that the Fifth Amended Complaint's joint employer allegations were insufficient because Plaintiffs failed to allege that "had they been hired, the MLB Defendants would have paid their salary or controlled their daily tasks." (*Id.* at 9-10.)

---

[3] Conspicuously absent from the proposed Sixth Amended Complaint is any allegation that any individual Plaintiff was ever presented with a UEC. Plaintiffs never signed a UEC, nor was one ever presented to any one of them, because they were not hired by any of the Clubs.

Plaintiffs have not even attempted to satisfy this pleading defect in the proposed Sixth Amended Complaint. None of the "new" allegations aver that the MLB Defendants would have any effect whatsoever on the Plaintiffs' compensation had they been hired, nor are there allegations that the MLB Defendants would have had a role in the work Plaintiffs would have performed, much less "controlled their daily tasks."[4] (Order at 10.)

At most, Plaintiffs now allege—once again, upon information and belief—that the MLB Defendants mandate that scouts are subject to "MLB-wide policies" such as drug testing and anti-harassment training. But Plaintiffs themselves allege that these league-wide policies are specifically designed to "protect the image and business goodwill of the MLB Defendants," (*Id.* ¶ 69(a)(ii)(1)(h)(iii))—not "to establish the 'immediate control' over an employee that a joint employment relationship requires." (Order at 9.)  *See, e.g., Rivers v. Int'l House of Pancakes*, No. 20-CV-2471 (JPO), 2021 WL 860590, at *3 (S.D.N.Y. Mar. 8, 2021) (citing *Hugee v. SJC Grp., Inc.*, No. 13-cv-423, 2013 WL 43399226, at *6 (S.D.N.Y. Aug. 14, 2013) (finding that alleged joint employer's policy of semi-annual inspections "for the purposes of quality control … have [been] recognized as insufficient to establish joint employer status"); *Felder*, 27 F.4th at 846-47 (affirming dismissal because the only alleged control was the alleged joint employer's ability to reject plaintiff's assignment by denying credentials and "this allegation alone" was not enough to plead a joint-employment relationship); *Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) ("[a]llegations of common ownership and

---

[4] Plaintiffs curiously quote at length from *Felder v. USTA*, 27 F.4th 834 (2d Cir. 2022), as supporting the idea that their proposed Sixth Amended Complaint has established personal jurisdiction through a joint employer relationship. (Mot. at 10-11.)  The *Felder* court ultimately concluded that the plaintiff had *not* done so and granted the defendant's motion to dismiss. *Id.* at 847. Even so, and as this Court's Order found lacking in Plaintiffs' Fifth Amended Complaint, the court in *Felder* noted that a joint employer relationship exists where "an entity other than the employee's formal employer has power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities." *Id.* at 844. Plaintiffs' proposed Sixth Amended Complaint lacks any allegation that the MLB Defendants had the power to do any of these things.

common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees," and "[m]erely reciting the elements of a joint employer arrangement" is insufficient); *Lans v. Kiska Constr. Corp.*, No. 96 Civ. 4114 (KMW)(AJP), 1997 WL 313162 (S.D.N.Y. Apr. 18, 1997) (allegations that alleged joint employer had responsibility for compliance with anti-discrimination statutes insufficient to state joint employer relationship).

Moreover, these new alleged league-wide policies, averred only upon information and belief, are not specific to any individual Plaintiff's hiring decision or his day-to-day scouting activities had he been hired. Nor do Plaintiffs allege that these league-wide policies impacted any individual Plaintiff and/or a Club's decision not to hire him. As explained above, such conclusory allegations, particularly those stated only upon "information and belief," are insufficient to establish that the court has personal jurisdiction over a defendant. *Guo Jin*, 2008 WL 896192, at *2; *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (affirming dismissal on Rule 12(b)(2) motion for lack of personal jurisdiction); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 5549039, at *11 (S.D.N.Y. Sept. 16, 2020) (citation modified) ("While a court will [c]onstrue jurisdictional allegations liberally and take as true uncontroverted factual allegations, [c]onclusory allegations are not enough to establish personal jurisdiction.") (granting Rule 12(b)(2) motion to dismiss where plaintiffs failed to establish personal jurisdiction over non-resident defendants).

Accordingly, even if a joint employer theory was a basis to confer personal jurisdiction as opposed to a theory of liability, Plaintiffs' proposed Sixth Amended Complaint does not establish

11

personal jurisdiction over the Non-Resident Defendants through a joint employer theory.[5]

> **B.      The Proposed Sixth Amended Complaint Does Not Establish Personal Jurisdiction Over the Non-Resident Defendants Based On A Conspiracy Theory.**

As the Court observed, "Section 302(a)(1) of New York's long-arm statute does not provide for co-conspirator jurisdiction." (Order at 10) (citing *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 1952027, at *15 (S.D.N.Y. July 16 2025)).

The Court further noted that even if N.Y. CPLR 302(a)(1) did provide for co-conspirator jurisdiction, Plaintiffs did not sufficiently allege that "a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." (*Id.*) (citing *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018)). Plaintiffs did not satisfy this essential element because they had "not sufficiently alleged overt acts with sufficient contacts in New York in furtherance of this alleged conspiracy" to limit the number of Older Scouts employed by MLB Clubs. (*Id.*)

Plaintiffs try to remedy this deficiency in the proposed Sixth Amended Complaint "to clarify" that their existing, insufficient allegations regarding an age-related blacklist created by the MLB Defendants "was not a suggestion." (Mot. at 13.) However, as before, their so-called blacklist allegations contain no plausible factual allegations so as to render them anything other than conclusory, and the blacklist allegations continue to lack any tie to specific decisions not-to-hire any individual Plaintiff. As a result, Plaintiffs' proposed Sixth Amended Complaint also fails to allege a *prima facie* showing of a conspiracy, which means their assertion of personal jurisdiction based on a conspiracy theory remains futile. *See In re Libor-Based Fin. Instruments*

---

[5] As set forth more fully in connection with briefing on Defendants' Motion to Dismiss the Fifth Amended Complaint, joint employment is a theory of liability—not personal jurisdiction.  In all cases, specific jurisdiction requires a substantial nexus between the plaintiff's claims and each out-of-state defendant's conduct in New York. (*See* Dkt. 101 at 28-29; Dkt. 105 at 12-13.)

*Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 4634541, at *23 (S.D.N.Y. Aug. 4, 2015);

*Singer v. Bell*, 585 F. Supp. 300, 303 (S.D.N.Y. 1984) (granting motion to dismiss for lack of

personal jurisdiction based on conspiracy theory where plaintiffs failed to establish a *prima facie*

showing of conspiracy and where plaintiffs' allegations were "based on neither direct nor

circumstantial evidence, nor reasonable inference therefrom, but on mere speculation and

conjecture"); *Scott v. Nat'l Ass'n for Stock Car Racing, Inc.*, No. 06 Civ. 6029 (DAB), 2008 WL

217049, at *9 (S.D.N.Y. Jan. 17, 2008) (explaining that a plaintiff must assert specific factual

connections between the non-resident defendants and transactions occurring *in New York* for a

court to assert personal jurisdiction based on a conspiracy theory).

Moreover, the Sixth Amended Complaint continues to be devoid of any plausible overt

acts in New York in furtherance of an alleged conspiracy. As was the case with respect to the

Fifth Amended Complaint, there are no allegations that "any of the Non-Resident Defendants

were involved in [the blacklist's] creation or dissemination," much less involvement that took

place in New York.  (Order at 12.) At most, Plaintiffs allege that the MLB Defendants (who do

not contest jurisdiction in New York) created and maintained the blacklist in Manhattan and

communicated its requirements to the Non-Resident Defendants in jurisdictions outside of New

York. (Mot. at 13.) Although Plaintiffs allege that each Club hired an unnamed and unidentified

"younger scout," whose contract was allegedly sent to the MLB Defendants for approval, that

allegation is entirely conclusory and, like Plaintiffs' additional new allegations, based solely

upon information and belief rather than any plausible facts. *See infra* at Section III. In any case,

it is woefully insufficient to support a prima facie case of conspiracy.

**C.**     **The Proposed Sixth Amended Complaint Does Not Establish Personal Jurisdiction Over The Non-Resident Defendants Under New York's Long Arm Statute.**

Plaintiffs' Fifth Amended Complaint did not establish personal jurisdiction over the Non-Resident Defendants under New York's long-arm statute because its allegations did not satisfy the second step of the governing two-step analysis, *i.e.*, that Plaintiffs' ADEA claim must "arise from" the Non-Resident Defendants' transaction of business in New York. (Order at 16.) Specifically, Plaintiffs failed to allege that "interviews or other employment conversations with the Non-Resident Defendants took place in New York, or that decisions by individual Clubs to hire or not hire a particular scout were made in New York." (*Id.*) Further, "the decision not to hire an individual scout is far too attenuated from the Non-Resident Defendants' transaction of business in New York," *i.e.*, playing baseball games. (*Id.*)

Plaintiffs suggest that the Sixth Amended Complaint shows that New York and the MLB Defendants' Manhattan office is the "ultimate locus for all hiring decision challenged" by Plaintiffs, but their revised allegations tell another story. (Mot. at 15.) Like the Fifth Amended Complaint, the proposed Sixth Amended Complaint does not contain any allegations which tether interviews or other employment conversations between Plaintiffs and Non-Resident Defendants to New York. Nor do Plaintiffs allege in the Sixth Amended Complaint that decisions by individual Clubs to not hire a particular Plaintiff were made in New York. Instead, Plaintiffs attempt to rely upon the amended UEC allegations of revised paragraph 69(a)(ii) and (b) (which, again, are insufficient on their face because they are prefaced with "upon information and belief" and lack any specific factual details. (*Id.*)

Even if these revised allegations concerning the UEC were entitled to a presumption of truth for purposes of evaluating their sufficiency, nowhere do Plaintiffs allege that the UECs

14

have a connection to any individual Plaintiff and/or a Club's decision not to hire him. For example, the revised allegations assert that the Clubs agree that they "would not hire any scout without sending a UEC to the MLB Defendants' Manhattan office," and that each Club "sends each new scout's UEC to Manhattan" for approval, including those for "the younger scout who actually received the job[s] that each Older Scout was seeking." (Dkt. 109-1 ¶ 69(b)(1).) None of these allegations are tied to the application or interview process that any individual Plaintiff underwent. Nor are they related to decisions not to hire any particular Plaintiff. Instead, these conclusory allegations pertain to documents never shown to any individual Plaintiff (nor do Plaintiffs allege that they were) regarding vague, unspecified hires of purportedly "younger" scouts about whom no factual information has been pled. As before, Plaintiffs have failed to establish personal jurisdiction over the Non-Resident Defendants via New York's long-arm statute.

In sum, the amended allegations of Plaintiffs' proposed Sixth Amended Complaint do not meet the legal standard to confer personal jurisdiction over the Non-Resident Defendants and would be dismissed pursuant to Rule 12(b)(2) should this Court grant Plaintiffs leave to file it. Accordingly, Plaintiffs have not met this Court's directive to "demonstrate <u>clearly</u> why the proposed [Sixth Amended Complaint] would not be futile," and leave to file the Sixth Amended Complaint should be denied. (Order at 19) (emphasis in original).

III.   **THE PROPOSED SIXTH AMENDED COMPLAINT IS FUTILE BECAUSE IT DOES NOT STATE A CLAIM UNDER THE ADEA AGAINST THE NEW YORK-BASED DEFENDANTS**

The Court granted Defendants' motion to dismiss as to the New York-based Defendants because Plaintiffs failed to state an ADEA claim against them. (Order 17-19.) To plausibly plead an ADEA claim, Plaintiffs had to give fair notice of their basis of their claims, including that

"age was the 'but-for' cause of the employer's adverse action." (*Id.* at 17) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015)). Like the Fifth Amended Complaint, Plaintiffs' proposed Sixth Amended Complaint also fails to state a claim as a matter of law. Thus, Plaintiffs have not "demonstrate[d] <u>clearly</u>" that their proposed amendment would not be futile. (*Id.* at 19.)

> **A.      The Proposed Sixth Amended Complaint Fails to State an Age Discrimination Claim Against the New York Yankees and the New York Mets.**

Plaintiffs' Sixth Amended Complaint does not remedy the specific deficiencies the Court identified concerning the age discrimination allegations against the Yankees and the Mets. The Court concluded that Plaintiffs failed to "sufficiently allege[] that age was the 'but-for' cause of the Yankees or the Mets' failure to hire any individual Plaintiff." (*Id.* at 17-18.) Their allegations against the Yankees and the Mets were "further undercut by the fact that they do not allege that the Yankees or Mets hired younger employees in their stead." (*Id.* at 18) (citing *McConkey v. Churchill Sch. & Ctr.*, No. 24-CV-06091 (LJL), 2025 WL 2062195, at *15 (S.D.N.Y. July 23, 2025)).

Plaintiffs' attempt to supplement their allegations to cure these two defects does not succeed. Plaintiffs have added identical boilerplate "upon information and belief" allegations directed at the Yankees and the Mets (and all other Clubs) that they denied employment to all of the Plaintiffs because they were allegedly ordered by the MLB Defendants not to hire any of the persons on the so-called blacklist. (Dkt. 109-1 ¶¶ 56, 57, 111.) Plaintiffs do not plead any facts upon which this conclusory allegation is based, nor do Plaintiffs connect this blanket conclusory allegation to any specific decision not to hire an individual Plaintiff. Without additional factual allegations, Plaintiffs' "conclusory statement [u]pon information and belief…does not "[]cross the line from conceivable to plausible." *Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 386 (E.D.N.Y.

16

2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) (granting motion to dismiss for failure to state a claim).

Plaintiffs further attempt to plug the gap that the Court observed by alleging that the Clubs generally followed the MLB Defendants' blacklist and "each Club Defendant hired younger scouts for these positions." (Dkt. 109-1 ¶ 69(b)(1)(d).) Plaintiffs do not, however, plead any plausible facts to render this conclusory allegation sufficient to survive a motion to dismiss. Plaintiffs do not identify, for example, the name(s) or age(s) of these purported younger employees hired instead of Plaintiffs. Likewise, the Sixth Amended Complaint does not contain factual allegations to indicate how Plaintiffs allegedly came to know that the Yankees and the Mets made such hires.

Thus, the Sixth Amended Complaint is devoid of any facts that would warrant the conclusion that the Yankees or Mets' failure to hire any individual Plaintiff "occurred under circumstances from which a discriminatory motivation can be inferred" and therefore fails to state a claim as a matter of law under well-established precedent. *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 316-17 (S.D.N.Y. 2015) (citing *Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *2 n. 3 (S.D.N.Y. July 22, 2011) (finding pro se plaintiff failed to plausibly plead ADEA claim where plaintiff merely alleged that he was over 40 and was replaced by two younger employees); *Nance v. City of N. Y.*, No. 09–CV–2786, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) ("[A]n allegation that [the] plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss."); *Maysonet v. Citi Grp., Inc.*, No. 10–CV–4616, 2011 WL 476610, at *5 (S.D.N.Y. Feb. 9, 2011) (dismissing ADEA claim where plaintiff merely alleged that she was in her mid–40s and that the defendant hired others in their mid–20s, without alleging any facts about the employee who replaced

plaintiff); *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 465 (S.D.N.Y. 2010) (dismissing ADEA claim where plaintiffs "merely allege[d] that [they were] over 40 years of age and were replaced by younger teachers" and noting that the complaint "does not allege any ageist remarks by" the defendants and that the plaintiff's "do not state who the teachers are that replaced them or their age"), *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x 67 (2d Cir. 2012); *Zucker v. Five Towns Coll.*, No. 09–CV–4884, 2010 WL 3310698, at *2 (E.D.N.Y. Aug. 18, 2010) (holding that "allegations concerning [the plaintiff's] satisfactory work performance, termination, and much younger replacement did not—by themselves—suffice to plead an age discrimination claim")).

Ultimately, the generic and conclusory allegation that the Yankees and Mets (and all other Clubs) hired younger scouts instead of Plaintiffs "do[es] no more than recite the elements of the relevant claim[]" which is "insufficient to state a claim under the standard set forth…from *Twombley* and *Iqbal*." *Williams v. Calderoni*, No. 11-Civ-3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (granting motion to dismiss with prejudice of plaintiff's racial and housing discrimination claims for failure "to provide factual, non-conclusory allegations rendering his discrimination claims plausible" and denying leave to amend a second time); *see also Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 33 (2d Cir. 2016) (summary order) ("[w]ithout more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive.") (affirming dismissal of ADEA claim on motion to dismiss for failure to state a claim).

For these reasons, Plaintiffs' proposed Sixth Amended Complaint cannot survive a motion to dismiss for failure to state a claim against the Yankees and the Mets and is, therefore, futile.

18

**B.**     **The Proposed Sixth Amended Complaint Fails to State an Age Discrimination Claim Against the MLB Defendants.**

Plaintiffs' proposed Sixth Amended Complaint also does not remedy the deficiencies the Court identified in their age discrimination allegations against the MLB Defendants. The Court noted that "Plaintiffs' sole argument as to why the MLB employers are liable under the ADEA is that they are joint employers with the Clubs." (Order at 19.) Because the Fifth Amended Complaint did not adequately plead a joint employer relationship, Plaintiffs failed to state a claim under the ADEA against the MLB Defendants. (*Id.*) Moreover, even assuming that co-conspirator liability existed under the ADEA, the Fifth Amended Complaint was "devoid of any alleged action by the MLB Defendants and the specific incidents [in paragraphs 107 and 109] that come closest to alleging an ADEA violation." (*Id.*)

These defects remain in Plaintiffs' proposed Sixth Amended Complaint. As explained in Section II.A, Plaintiffs' revised allegations still do not adequately plead a joint employer relationship between the MLB Defendants and the Clubs. To the extent that Plaintiffs rely upon the identical boilerplate "upon information and belief" statements that the Clubs denied employment to all of the Plaintiffs because they were allegedly ordered by the MLB Defendants not to hire any of the persons on the so-called blacklist, such "conclusory statement [u]pon information and belief…does not "[]cross the line from conceivable to plausible." *Rosenfeld*, 370 F. Supp. 3d at 386; *see also McPhatter v. City of N. Y.*, No. 24-cv-5933 (KAM)(MMH), 2026 WL 829060, at *2 (E.D.N.Y. Mar. 16, 2026) ("[A] litigant cannot render a conclusory allegation non-conclusory by merely appending 'upon information and belief' to it…[t]hose magic words will only make otherwise unsupported claims plausible…'where the belief is based on factual information that makes the inference of culpability plausible.'") (granting motion to dismiss for failure to state a claim); *Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383 (E.D.N.Y.

19

2021) ("'Upon information and belief' does not render impermissibly conclusory allegations non-conclusory. Instead, such an allegation must be supported by 'factual information that makes the inference of culpability plausible.'") (granting motion to dismiss for failure to state a claim).

Accordingly, Plaintiffs' proposed Sixth Amended Complaint fails to state a plausible claim against the MLB Defendants under the ADEA.

## IV.    DEFENDANTS WOULD BE PREJUDICED IF THE COURT ALLOWS PLAINTIFFS TO AMEND THEIR COMPLAINT A SIXTH TIME

Plaintiffs have not shown "why Defendants would not be prejudiced by granting leave to amend" as required by the Court's Order. (Order at 19.) In exercising its discretion to grant leave to amend, "a court should take into account any prejudice that the opposing party will suffer as a result of the amendment." *Hayden v. Feldman*, 159 F.R.D. 452, 454 (S.D.N.Y. 1995).

Incredibly, Plaintiffs argue that Defendants have "no basis" to assert undue prejudice if the Court grants leave to file the proposed Sixth Amended Complaint, even attempting to shift blame to Defendants for their multiple successive amendments to the Complaint by asserting that prior amendments have, in part, "been required by Defendants' motions to dismiss." (Mot. at 5.) Had Plaintiffs' prior iterations of the Complaint established personal jurisdiction, plausibly stated age discrimination claims against Defendants, and been filed in a proper venue, Defendants would not have been required to expend the resources and substantial expense to fully brief two Rule 12(b) motions to dismiss in two different jurisdictions—first, in the District of Colorado and, now, before this Court.

This matter has been pending since June 21, 2023—nearly three years—and it remains at the pleading stage, either because Plaintiffs opted to amend to revise their allegations and claims or to add additional Plaintiffs, or because two different courts have concluded that, despite multiple amendments, Plaintiffs have to date been unable to adequately plead their age

discrimination claims in an appropriate forum. Should the Court grant leave for Plaintiffs to file the facially deficient Sixth Amended Complaint, Defendants will again be required to expend significant resources preparing and filing a *third* Rule 12(b) motion to dismiss for the reasons outlined herein. For these reasons, Defendants respectfully submit that they will in fact be prejudiced should the Court grant Plaintiffs' Motion.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Sixth Amended Complaint. Defendants further request that the Court enter a dismissal of Plaintiffs' claims in their entirety with prejudice.

Dated:  May 13, 2026

PROSKAUER ROSE LLP

*s/ Elise M. Bloom*
Elise M. Bloom
Neil H. Abramson
Adam M. Lupion
Eleven Times Square
New York, New York 10036
Tel. 212.969.3410
ebloom@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

***Attorneys for Defendants Robert Manfred, The Office of the Commissioner of Baseball, AZPB, L.P., Atlanta National League Baseball Club, Inc., Atlanta National League Baseball Club, LLC, Braves Holding, LLC, Boston Red Sox Baseball Club, L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., The Cincinnati Reds, LLC, Cleveland Guardians Baseball Company, LLC, Colorado Rockies Baseball Club, Ltd., Detroit Tigers, Inc., Houston Astros, LLC, Kansas City Royals Baseball Club LLC, Angels Baseball LP, Los Angeles Dodgers LLC, Marlins Teamco***

21

***LLC, Milwaukee Brewers Baseball Club, Inc., Milwaukee Brewers Baseball Club, L.P., Minnesota Twins, LLC, Sterling Mets, L.P., New York Yankees Partnership, Athletics Investment Group LLC, The Phillies, Pittsburgh Associates, Padres L.P., San Diego Padres Baseball Club, L.P., San Francisco Baseball Associates LLC, Baseball Club of Seattle, LLLP, St. Louis Cardinals, LLC, Tampa Bay Rays Baseball Ltd., Rangers Baseball Express, LLC, Rangers Baseball, LLC, Rogers Blue Jays Baseball Partnership, Rogers Communications Inc., Washington Nationals Baseball Club, LLC***

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Lawrence G. Scarborough*

Lawrence G. Scarborough
1177 Avenue of the Americas
41st Floor
New York, NY 10036
Telephone: 212-248-3141
lawrence.scarborough@faegredrinker.com

*s/ Desmonne A. Bennett*
Desmonne A. Bennett (*admitted pro hac vice*)
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: 303-607-3500
desmonne.bennett@faegredrinker.com

***Attorneys for Defendant Baltimore Orioles Limited Partnership Inc.***

22

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies, pursuant to Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Court's Individual Rules of Practice, that the foregoing brief contains no more than 8,750 words.

Specifically, the Microsoft Word "Word Count" tool indicates that the brief contains 6,478 words. That word count excludes the "caption, any index, table of contents, table of authorities, signature blocks, or any required certificates," but does include "material contained in footnote or endnotes." Local Civil Rule 7.1.

Dated:  May 13, 2026

/s/ Elise M. Bloom
Elise M. Bloom